Iroquois Furnace Co. v. Ross, McRae & Ross.

---

## Iroquois Furnace Co. v. Ross, McRae & Ross.

1. JURY—*Province of.*—The question as to whether a transaction is a sale or a lease is one of fact for the determination of the jury, under proper instructions from the court.

2. QUESTIONS OF FACT—*For the Jury.*—The questions as to whether a person is, as a matter of fact, the agent of another and authorized to

represent him, and whether if he was not, his acts were afterward ratified, are questions of fact for the jury.

Assumpsit, for merchandise sold and delivered. Trial in the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court, First District, at the March term, 1898. Affirmed. Opinion filed May 31, 1898.

DEFREES, BRACE & RITTER, attorneys for appellant.

BLISS & McKITTRICK, attorneys for appellees.

MR. JUSTICE HORTON delivered the opinion of the court.

In December, 1896, appellees, as contractors with the city of Chicago, were constructing what was known as the extension of the 68th street tunnel, under Lake Michigan. In the prosecution of that work it became necessary to sink a steel cylinder. The mode of doing this was to put a platform on the top of the cylinder and force it down by loading a heavy weight on the platform. For this purpose appellees procured from appellant something over fifty tons of pig iron. On the part of appellant it is contended that appellees purchased the iron; on the part of appellees, that they borrowed it, promising to pay for any shortage and for its use.

When the iron was procured, appellees gave their check, payable to the order of appellant, for $580.20, that being the total value of the iron at that time. Appellees say that this check was given as security only, and that the amount thereof was to be repaid to them by appellant, less the value of any shortage and a small sum for the use of the iron. Shortly afterward the iron was returned to the yard of appellant, the place from which it was taken. Appellant admits that the iron was thus returned, but denies that it was ever received or accepted by any one authorized by it so to do. The iron remained in appellant's yard at the time of the trial below. The verdict of the jury is in favor of appellees for $532, which is an allowance to appellant of $48.20, besides interest.

Iroquois Furnace Co. v. Ross, McRae & Ross.

Appellees delivered their said check to W. T. Forster, and at the time received from him a paper which was offered in evidence, and of which the following is a copy:

" DEC. 14, 1896.

We, the Iroquois Furnace Company of So. Chicago, agree to refund to Ross, McRae & Ross, on return of the pig iron borrowed from said Iroquois Furnace Co., the sum of five hundred eighty and 20-100 dollars, less small charge for use of pig iron, and for any shortage there may be.

IROQUOIS FURNACE CO.,

W. T. FORSTER."

Appellant contends that it was error to admit said paper in evidence, and that it was also error to admit the testimony as to what was said by and between W. T. Forster and the representatives of appellees, at the time the iron was taken and the check and said paper delivered, because said Forster, as appellees knew at the time, had no authority to represent appellant. There is some conflict in the testimony as to what the facts were which bear upon the question of that authority and the alleged ratification of the acts of said Forster in signing said paper and receiving said check. In the same connection appellant contends that the trial court erred in refusing to give the second and third instructions asked by it, which were:

" 2.   The court instructs the jury that there is no evidence in the cause to show that W. T. Forster was the agent of the defendant company, or authorized by it to enter into contracts or arrangements upon its account.

" 3.   The court instructs the jury that there is no evidence in the cause to show any authority in W. T. Forster to execute the paper offered in evidence, dated December 14, 1896, and signed 'Iroquois Furnace Company, W. T. Forster,' as the agent of the said Furnace Company, and that the said defendant company is not bound by said paper."

We perceive no error either in the admission of said testimony or refusing said instructions. Whether said Forster had authority to represent appellant, and whether, if he had

not, his acts were afterward ratified by appellant, were questions of fact for the jury.

The next point made by appellant, in which error is claimed, is as to the instruction given for appellees. That instruction is long, but is summarized by attorneys for appellant in their brief to be, that if the jury " believed from the evidence (1) that it was agreed between the parties that the iron in question was to be loaned to the plaintiffs; (2) that the plaintiffs deposited the check offered in evidence only for the purpose of security, their verdict should be for the plaintiffs, and that the plaintiffs were entitled to recover the amount of the check, less certain deductions."

The criticism of this instruction is, that it omits any reference to the question " as to whether or not the plaintiffs had returned the iron for which the check was given." At the beginning of the trial, and in response to a question by the court, appellant, by its attorney, said, as to the iron, " We admit they brought it back and dumped it in our yard. We do not admit we ever received or accepted it." Appellant's weighmaster weighed it, and it is still in appellant's yard. Appellant's manager testified that it is there, and that it is of the same value as when taken by the appellees.

Instructions must be considered and interpreted in connection with the facts before the jury. One of the questions submitted to the jury by this instruction is whether the iron was " loaned to the plaintiffs." If it was loaned, then they had a right to return it, and appellant had no right to refuse to accept it, and if it did so refuse, that would not affect the rights of appellees. Appellant could not, by its own wrong, relieve itself of the duty to repay the amount of the check, less deductions directed by the instruction to be made. We see no reversible error in the giving of this instruction.

The point is also made that the court erred in admitting in evidence a letter written by appellant's manager to appellees' attorney, and in refusing afterward to " strike out " said letter, and in modifying the instruction asked by appellant in regard to the same. That letter was on its face

admissible.    After its admission, appellant recalled its man-
ager to the witness stand, and in response to questions by
appellant's attorney, he testified that " the letter was written
in an effort to compromise the matter after a conversation
over the 'phone."

It should be noticed that the appellees have not sought
to vary this letter by parol, but that appellant called the
writer of it to state what he intended by it, thus presenting
a question of fact for the jury.    No objection to that testi-
mony was interposed.    The instruction, as asked by the ap-
pellant, concerning this letter, was properly refused, and as
modified and given was fully as favorable to appellant as it
was entitled to have given.

The judgment of the Circuit Court is affirmed.